# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEREMY RUTHERFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22 CV 110 RWS |
| | ) |
| PAUL BLAIR, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on the petition of Jeremy Rutherford for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 6, 2016, a jury found Rutherford guilty of third-degree assault on a law enforcement officer and two counts of unlawful possession of a firearm.  On December 7, 2016, the Circuit Court of St. Francois County sentenced Rutherford to one year's incarceration for assault and two fifteen-year sentences for unlawful possession of a firearm.  Rutherford's assault sentence is concurrent to his other sentences, but his unlawful possession of a firearm sentences are consecutive with each other, for a total sentence of 30 years.  Rutherford's conviction and sentence were affirmed on appeal on January 30, 2018.  ECF 10-4.

Rutherford filed an application for transfer to the Missouri Supreme Court, which was denied on May 1, 2018.  *See* Missouri Case Number SC97062.

Rutherford filed a motion for post-conviction relief on July 5, 2018.  *See* Missouri Case Number 18SF-CC00101.  Following an evidentiary hearing, post-conviction relief was denied on March 24, 2020.  Rutherford appealed to the Missouri Court of Appeals, which affirmed the denial of post-conviction relief on August 10, 2021.  ECF 10-8.  The mandate issued on September 2, 2021. ECF 10-9.  Petitioner filed the instant petition on January 26, 2022.  ECF 1.  Respondent does not argue that the petition is untimely filed.

I will deny Rutherford's petition for writ of habeas corpus for the following reasons.

## **Discussion**

In his petition for habeas corpus, Rutherford asserts the following two grounds for relief:

(1) His two convictions for unlawful possession of a firearm violate the Double Jeopardy Clause; and

2) There was insufficient  evidence to support his conviction for unlawful possession of a firearm (shotgun).

### Procedurally Defaulted Claim: Ground One

State prisoners must fairly present all claims to the state courts.  When a prisoner has gone through all stages of direct appeal and post-conviction proceedings without presenting a claim to the state courts, that claim is procedurally defaulted.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).  Here,

respondent argues that Rutherford procedurally defaulted his first ground for relief by failing to present it properly to the Missouri courts. If true, this Court may not consider the claim unless Rutherford can meet one of the two exceptions to procedural default.

To qualify for the first exception, Rutherford must show cause and prejudice. To demonstrate cause, he must show that "some objective factor external to the defense" impeded his efforts to present the claim to the state courts. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, Rutherford must demonstrate that the identified errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The second exception requires Rutherford to show that failure to consider the defaulted claims will result in a fundamental miscarriage of justice. To meet this standard, he must present new evidence that "affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).

It is "the settled law of this Circuit that a habeas petitioner must have raised both the factual and legal bases for each claim in the state courts in order to preserve the claim for federal review." *King v. Kemna,* 266 F.3d 816, 821 (8th Cir. 2001) (cleaned up).

In Ground One, Rutherford argues that his two convictions for unlawful possession of a firearm violate the Double Jeopardy Clause.[1]  Rutherford raised this ground for relief on direct appeal in a letter to the Missouri Court of Appeals after briefing was completed.  ECF 10-4 at 2.  The Missouri Court of Appeals found the claim was not properly presented for appellate review and reviewed it for plain error only.[2]  *Id.* at 2 n.2.  Therefore, this Court may not consider Ground One unless Rutherford can establish one of the exceptions to procedural default.

Rutherford contends that the argument was considered on the merits because it was reviewed for plain error, arguing that respondent "should not be allowed to have its cake and eat it, too."  ECF 11 at 4 (cleaned up).  However, the appellate court's plain error review does not cure this default.  "A federal habeas court

---

[1] Rutherford believes that he could only be charged with one count of unlawful possession because he simultaneously possessed both firearms during his standoff with police.

[2] On direct appeal, the Missouri Court of Appeals found no plain error and denied the claim as follows:

> Appellant also argued – for the first time in a letter to the Court filed the week before oral arguments – that two separate convictions of unlawful possession of a firearm violated his constitutional right against double jeopardy.  Because this argument was not made in Appellant's briefing, the alleged plain error affecting a substantial right is reviewed only for a manifest injustice or miscarriage of justice . . . .  Because the allowable unit of prosecution for unlawful possession of a firearm has not been expressly limited for simultaneous possession, we cannot say Appellant's conviction of multiple counts of possession of a firearm was a manifest injustice or miscarriage of justice.  Thus, Appellant's supplemental point is denied.

ECF 10-4 at 2 n.2.  On appeal from the denial of post-conviction relief, the Missouri Court of Appeals clarified that the claim was also procedurally defaulted because counsel failed to raise it during trial.  Thus, "plain error was the only review available to movant, whether the issue was formally briefed or not, as the issue was unpreserved."  ECF 10-8 at 3 (cleaned up).

4

cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed the claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015).  As Rutherford makes no other attempt to avoid the procedural default of this claim, this Court is barred from considering it.[3]  Ground One of Rutherford's § 2254 petition is denied.

Claim Adjudicated on the Merits: Ground Two

When reviewing a claim on the merits, federal habeas relief can be granted only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83. "A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of

---

[3] Although Rutherford argued in his motion for post-conviction relief that trial counsel was ineffective for failing to raise the issue of Double Jeopardy, he does not bring any claim of ineffective assistance of trial counsel in this case, nor does he allege in his traverse that ineffective assistance of counsel constitutes cause sufficient to avoid the procedural default of this claim.

5

law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d

6

748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (cleaned up). This standard is difficult to meet. *Id.* at 357-58.

In Ground Two, Rutherford argues that he was denied due process of law when the trial court overruled his motion for judgment of acquittal because there was insufficient evidence to support his conviction for one count of unlawfully possessing a shotgun as charged in Count III.

On direct appeal, the Missouri Court of Appeals denied this claim as follows:

> Appellant argues the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and instead entering a judgment on the verdict of guilty of one count of unlawful use of a weapon because the ruling violated Appellant's right to due process of law under the Fourteenth Amendment to the United State Constitution and Article I, Section 10 of the Missouri Constitution. Appellant alleges that the evidence was insufficient to establish beyond a reasonable doubt that Appellant possessed a firearm in that the shotgun seized by the State was broken into pieces and could not function as designed.
>
> Appellant argues the trial court erred in denying his motion for judgment of acquittal at the close of all evidence because there was sufficient evidence to establish that Appellant did not possess a firearm. Specifically, Appellant claims that because the shotgun was broken into pieces when seized, it was not a functional weapon and did not satisfy the statutory definition of a firearm. We disagree.
>
> Our review of the sufficiency of evidence in a court-tried criminal proceeding

7

is limited to a determination of whether the State presented sufficient evidence for which a reasonable juror could be convinced of guilt beyond a reasonable doubt. *State v. Bateman*, 318 S.W.3d 681, 686-87 (Mo. banc 2010). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Brooks*, 446 S.W.3d 673, 674 (Mo. banc 2014) (quoting *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005)). "The reliability, credibility and weight of the witnesses' testimony is an issue for the jury to determine." *State v. Sexton*, 929 S.W.2d 909, 916 (Mo. App. W.D. 1996). This Court does not weigh the evidence anew. *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008).

Section 571.070 prohibits one who has been convicted of a felony from "knowingly ha[ving] any firearm in his or her possession." A firearm is defined as "any weapon that is designed or adapted to expel a projectile by the action of an explosive." Section 571.010(8).

In interpreting this statutory definition of a firearm, this Court concluded that a weapon's operability is irrelevant to determining whether a weapon is statutorily defined as a firearm: "Under the plain language of these statutes, an inoperable or malfunctioning weapon constitutes a firearm as long as it was **designed to expel a projectile** by the action of an explosive, **regardless of whether the weapon can do so successfully**." *Long v. State*, 441 S.W.3d 154,157 (Mo. App. E.D. 2014) (emphasis added).

Here, although the shotgun was "in pieces" when retrieved by the police, it still satisfies the statutory definition of a firearm under Section 571.010(8). Appellant told law enforcement that he obtained a shotgun a couple days before the shooting. With a revolver and the previously obtained shotgun, shots were fired out of the front windows of the house while officers were outside negotiating the safety of people inside the house. After multiple shots were fired, Appellant threw the shotgun – along with shotgun shells and a revolver – out a window pane near the front door of the house and told the officers he was coming out. The officer testified that the shotgun was "either in pieces or it went to pieces when it was thrown out" the window. No evidence was presented that pieces were missing from the recovered shotgun.

Appellant argues that because the shotgun was found in pieces, there is insufficient evidence to support a finding that the pieces satisfied the statutory definition for a firearm. However, "[t]he jury may accept or reject

8

> all, some or none of a witness's testimony." *Sexton*, 929 S.W.2d at 916. Further, the jury may draw certain inferences from a witness's testimony, but reject others. *State v. Redmond*, 937 S.W.2d 205, 209 (Mo. banc 1996).
>
> As our standard of review requires us to disregard all evidence and inferences that are contrary to the verdict, we must infer that the jury concluded that the weapon, which was thrown out of the house with shotgun shells following multiple gunshots, was functional and assembled and only broke into pieces when it was thrown out the window. Considering the inference that the shotgun only broke upon Appellant throwing the gun out the window and that functionality and operability of a weapon is immaterial to a weapon's statutory designation as a firearm, we need not consider whether possessing pieces of a once assembled shotgun is sufficient for establishing unlawful possession of a firearm. Although the shotgun was no longer operable and broken into multiple pieces when finally recovered by the police, evidence was presented that Appellant possessed the shotgun, which was assembled and designed to expel a projectile by the action of an explosive prior to being thrown out a window by Appellant. Thus, sufficient evidence was presented for which a reasonable juror could be convinced of Appellant's guilt beyond a reasonable doubt.
>
> Accordingly, the trial court did not err in denying Appellant's motion for judgment of acquittal at the close of all evidence. Appellant's first point is denied.

ECF 10-4 at 3-5 (cleaned up).

The Due Process Clause prohibits the conviction of an accused "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In the context of deciding a § 2254 claim, the court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in

9

original); *see also Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004). The scope of habeas review of such a claim is "extremely limited." *Skillicorn v. Luebbers*, 475 F.3d 965, 977 (8th Cir. 2007). This means that "a reviewing court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (cleaned up).

This Court may grant federal habeas relief only if the Missouri Court of Appeals' determination that the evidence satisfied the sufficiency of evidence standard was "both incorrect and unreasonable" under *Jackson*. *Garrison v. Burt*, 637 F.3d 849, 855 (8th Cir. 2011).

Here, the state court reasonably determined that, viewing the evidence in the light most favorable to the verdict, there was sufficient evidence to support Rutherford's conviction for unlawful possession of a firearm with respect to the shotgun. The state court considered the claim using the correct legal standard by applying *State v. Bateman*, 318 S.W.3d 681, 686-7 (Mo. banc 2010), which cites *Jackson*. Although Rutherford argues that the evidence was insufficient to convict him of possessing a firearm because the shotgun was found in pieces after he threw it out of a window, the Missouri Court of Appeals held that as a matter of Missouri law, it was irrelevant whether the shotgun was operable at the time and that the

10

jury could have believed that the shotgun was operable before Rutherford threw it out of a window.  The state court's determination that the facts were sufficient to support the verdict is a reasonable one that should receive deference under 28 U.S.C. § 2254(d).  And any claim that the state court erred in its interpretation of Missouri law is non-cognizable on federal habeas review.  It is well-established that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (cleaned up).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68; s*ee also Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law . . . is not cognizable in federal habeas.").

In denying this ground on appeal, the Missouri Court of Appeals correctly identified the governing legal standards, and its determination that there was sufficient evidence to convict Rutherford was not an incorrect or unreasonable application of *Jackson*.  *See* 28 U.S.C. § 2254(d)(1).  As the appellate court's determination also did not involve an unreasonable determination of the facts in light of the evidence presented in the  state court proceedings, *see* 28 U.S.C. § 2254(d)(2), the decision is entitled to deference.

Rutherford's arguments that the appellate court should have decided the factual and legal issues differently are insufficient to meet the difficult standard of showing the state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish*, 569 U.S. at 357-58 (cleaned up). Ground Two of Rutherford's habeas petition is denied.

## Certificate of Appealability

When a petitioner is denied a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner may not appeal unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To be entitled to a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A showing is substantial when the issues raised are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because I find none of these to be the case, I will deny a certificate of appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jeremy Rutherford for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

                                                                    _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August 2024.